## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSE JUAN GONZALEZ SANCHEZ, an individual, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, | ) ) ) | Case No. 1:18-cv-7494 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAMENZO'S, INC., an Illinois corporation, DAMENZO'S 2, INC., an Illinois corporation, DAMENZO'S 4, INC., an Illinois corporation, and DOMINICK MANNINO, an individual, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Jose Juan Gonzalez Sanchez, ("Plaintiff" or "Gonzalez"), on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorneys, Timothy M. Nolan and Samuel D. Engelson of the Nolan Law Office, complains against Defendants, Damenzo's, Inc., Damenzo's 2, Inc., Damenzo's 4, Inc., (together, "Damenzo's"), and Dominick Mannino ("Mannino") (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime compensation for hours worked in excess of forty (40) in workweek. Plaintiff and other similarly

situated employees are current and former cooks, dishwashers, cleaners and other kitchen staff employees of Defendants' Damenzo's restaurants.

2.      Plaintiff brings this case as a collective action under 29 U.S.C. §216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

3.      Plaintiff also asserts a common law cause of action for retaliatory discharge. Plaintiff was injured while performing duties within the scope of his employment at Defendants' Damenzo's restaurant on October 6, 2018. Defendant Mannino summarily fired Plaintiff Gonzalez when he attempted to return to work on October 8, 2018, after receiving medical care for his work related injury.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law, municipal ordinance and common law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

6.      Plaintiff Jose Gonzalez is a former employee of the Defendants' Damenzo's restaurants located at multiple locations in the City of Chicago and suburbs. Plaintiff Gonzalez worked as a pizza and taco maker, dishwasher and cleaner at Defendants' Damenzo's restaurants from approximately July 2017 through October 6, 2018, except for several weeks during the spring of 2018.

7.    During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products and cleaning products and tools, which moved in interstate commerce prior to being used or purchased in Illinois.

8.    Plaintiff resides in and is domiciled in this judicial district.

9.    Defendant Damenzo's, Inc. is an Illinois corporation that operates the Damenzo's restaurant located at 2322-2234 W. Taylor Street in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

10.    Defendant Damenzo's 2, Inc. is an Illinois corporation that operates the Damenzo's restaurant located at 7300 W. Roosevelt Road in Forest Park, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

11.    Defendant Damenzo's 4, Inc. is an Illinois corporation that operates the Damenzo's restaurant located at 901-903 West 35th Street in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

12.    Upon information and belief, Defendants, individually and collectively, have earned more than $500,000 in annual gross revenues in 2015-2018.

13.    Defendants Damenzo's, Inc., Damenzo's 2, Inc. and Damenzo's 4, Inc. are each registered in Illinois as a corporation with its president, secretary, registered agent, and principal office located within this judicial district.

14.    Defendant Dominick Mannino is the manager of the Damenzo's restaurants and he is also the president and corporate secretary of each of the corporate Defendants.

15.     At all times relevant to this action, Defendant Mannino possessed extensive oversight over all of the Damenzo's restaurants and business operations. Defendant Mannino was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and, maintained employment records.

16.     Upon information and belief, Defendant Mannino resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

17.     For the first three (3) weeks of his employment in July, 2017, Plaintiff worked at Defendants' restaurants on a six (6) day per week work schedule for eight (8) hours each day. Plaintiff typically did not work Monday. Based on this work schedule, Plaintiff Gonzalez worked approximately forty-eight (48) hours per week for the initial three weeks of work at Defendants' restaurants.

18.     Starting in August, 2017 and continuing through October 6, 2018, Plaintiff continued to work a six (6) day per week schedule, but his hours of work increased dramatically and included the following schedule: Tuesday through Thursday, and Sunday, from 4:00 p.m. to at least 1:00 a.m.; and, double shifts on Friday and Saturday, starting at 7:00 a.m. to 4:00 p.m. and then 4:00 p.m. to at least 1:00 a.m. Plaintiff typically did not work on Monday.

19.     Based on this schedule, Plaintiff worked at least seventy-two (72) hours in individual workweeks from August, 2017 through October 6, 2018.

20.     Defendants paid Plaintiff Sanchez $300.00 per week for his initial three weeks of work. Thereafter, Defendants paid Plaintiff on an hourly basis at the rate of $12.00 per hour for all hours of work.

21.     Defendants did not compensate Plaintiff, and other non-exempt cooks, dishwashers, cleaners and other kitchen staff employees, at one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) in individual work weeks.

22.     From August, 2017 until Plaintiff was terminated in October, 2018, Defendants paid all of Plaintiff's overtime compensable hours at his straight-time hourly rate of pay.

23.     In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiff, other non-exempt cooks, dishwashers, cleaners and other kitchen staff employees, at his regular, straight time rate of pay for all hours worked in unreported cash.

24.     In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

25.     Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated current and former cooks, dishwashers, cleaners and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

26.     During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former cooks, dishwashers, cleaners and kitchen staff employees, have had substantially similar job descriptions, job requirements and pay rates.

5

27.     Plaintiff and other similarly situated current and former cooks, dishwashers, cleaners and kitchen staff employees worked more than forty (40) hours in individual workweeks and were not compensated at a rate of one and one-half times their regular hourly rates of pay for such hours.

28.     Plaintiff, and the other similarly situated cooks, dishwashers, cleaners and kitchen staff employees, were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay overtime compensation to cooks, dishwashers, cleaners and kitchen staff employees.

29.     During the last three years before the filing of this suit, Defendants had a common policy and practice that consisted of paying cooks, dishwashers, cleaners and other kitchen staff employees unreported cash wages at their straight-time rates of pay for all hours worked, including those in excess of forty (40) in a work week.

30.     Defendants at all times failed to pay Plaintiff, and other similarly situated cooks, dishwashers, cleaners and kitchen staff employees, at one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual work week.

31.     Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

32.     Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

33.     There are numerous similarly situated current and former cooks, dishwashers, cleaners and kitchen staff employees who worked for Defendants' restaurants and who would

benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

34.     The similarly situated current and former cooks, dishwashers, cleaners and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

**DEFENDANTS' RETALIATORY DISCHARGE OF PLAINTIFF GONZALEZ**

35.     On October 6, 2018, Plaintiff Sanchez was preparing pizza dough at Defendants' Damenzo's restaurant located at 901-903 West 35th Street in Chicago, Illinois.

36.     While Plaintiff was operating the dough machine, the forefinger of his dominant right hand was crushed in the machine, severely injuring the finger.

37.     Immediately following the injury, Plaintiff asked Defendant Mannino to either take him to the hospital or call an ambulance. Defendant Mannino refused to assist Plaintiff.

38.     Plaintiff remained in the back of the restaurant until a relative took Plaintiff to the hospital where Plaintiff received medical treatment.

39.     Plaintiff attempted returned to work at Damenzo's restaurant on October 8, 2018 at which time Defendant Mannino informed Plaintiff he was fired and no longer had a job at the Defendants' restaurants.

40.     At that time, Plaintiff requested money for his medical bills and compensation for his time off work due to his work-related injury. Defendant Mannino responded by giving Plaintiff an empty envelope.

41.     Subsequently, after Plaintiff retained a workers compensation attorney who corresponded with Defendant Mannino, Defendants paid Plaintiff $500.00 for his work related injury.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

42.      Plaintiff hereby incorporates paragraphs 1 through 34 as though stated herein.

43.      Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

44.      Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

45.      During the course of Plaintiff's employment, Defendants employed other cooks, dishwashers, cleaners and kitchen staff employees who were similarly not exempt from the overtime provisions of the FLSA.

46.      Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

47.      Defendants, Damenzo's, Inc., Damenzo's, Inc. 2 and Damenzo's, Inc. 4 each are an "enterprise" within the meaning of the FLSA, 29 U.S.C. §203 (r)(1), and each Defendant operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, U.S.C. 29 §203(s)(1)(a). Defendants further constitute a single enterprise under the FLSA.

48.      Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other non-exempt cooks, dishwashers, cleaners and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

49.      Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

50. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants paid Plaintiff's hours including Plaintiff's overtime compensable hours "under the table" in cash. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal or state tax and revenue agencies.

**WHEREFORE**, the Plaintiff, Jose Juan Gonzalez Sanchez, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Damenzo's, Inc., Damenzo's 2, Inc., Damenzo's 4, Inc. and Dominick Mannino, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

51. Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

52. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

53. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

54. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

55.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

56.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Jose Juan Gonzalez Sanchez, prays for a judgment against Defendants, Damenzo's, Inc., Damenzo's 2, Inc., Damenzo's 4, Inc. and Dominick Mannino, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

57.     Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

58.     Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

59.     Defendants are each an "employer" as defined in the CMWO§ 1-24-10.

60.     Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

10

61.     Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

**WHEREFORE**, the Plaintiff, Jose Juan Gonzalez Sanchez, prays for a judgment against Defendants, Damenzo's, Inc., Damenzo's 2, Inc., Damenzo's 4, Inc. and Dominick Mannino, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Statutory interest damages in the amount of three times the amount of unpaid overtime;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Common Law Cause of Action – Retaliatory Discharge

62.     Plaintiff hereby incorporates paragraphs 1 through 24 and 35 through 41 as though stated herein.

63.     In direct contravention of the public policy of the state of Illinois, Defendants improperly discharged Plaintiff immediately following a work-related injury that occurred while Plaintiff was performing duties squarely within the scope of Plaintiff's employment.

64.     Defendants discharged Plaintiff in anticipation of and to prevent Plaintiff from exercising his rights under the Workers' Compensation Act, 820 ILCS §305/1, *et seq*., and to further prevent Plaintiff from engaging in the protected activity of filing for worker's compensation benefits.

65.     As a result of Defendants' willful deprivation of his rights and privileges under state law, Plaintiff suffered substantial harm and incurred costly fees and expenses.

11

**WHEREFORE**, the Plaintiff, Jose Juan Gonzalez Sanchez, prays for a judgment against Defendants, Damenzo's, Inc., Damenzo's 2, Inc., Damenzo's 4, Inc. and Dominick Mannino, as follows:

A.    Actual damages and compensation which Plaintiff has suffered;

B.    Compensatory damages in an amount not less than $50,000.00 for humiliation, embarrassment, loss of reputation, loss of dignity, substantial emotional pain and emotional distress, mental anguish, and Defendants' interference with Plaintiff's right to pursue his career free from retaliatory conduct;

C.    Prejudgment interest on all monies which are awarded to Plaintiff;

D.    Punitive damages in an amount not less than $50,000.00 for Defendants' willful interference with Plaintiff's protected rights and privileges under the Workers' Compensation Act and the public policy of the state of Illinois;

E.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

F.    Such other and further relief as this Court deems appropriate and just.

Dated: November 12, 2018

Respectfully submitted,
Jose Juan Gonzalez Sanchez,
on behalf of himself and all other
Plaintiffs similarly situated, known
and unknown,
Plaintiff

/s/ Timothy M. Nolan
_____
One of the Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Samuel D. Engelson (No. 6326863)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
sengelson@nolanwagelaw.com

12